Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

KEVIN ALEJANDRO CANALES GARCIA, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

CULVER NARROWS BEER DISTRIBUTORS INC. and ANDRE V. PANTALEO, ANDRE MARTIN PANTALEO, and VINCENZO THOMAS PANTALEO, as individuals,

Defendants.

-------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, **KEVIN ALEJANDRO CANALES GARCIA**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, through undersigned counsel, brings this action against **CULVER NARROWS BEER DISTRIBUTORS INC. and ANDRE V. PANTALEO, ANDRE MARTIN PANTALEO, and VINCENZO THOMAS PANTALEO, as individuals,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at **CULVER NARROWS BEER DISTRIBUTORS INC.**, located at 981 McDonald Avenue, Brooklyn, NY 11230.
2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks

interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.
5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### ***The Plaintiff***

7. Plaintiff KEVIN ALEJANDRO CANALES GARCIA residing in Brooklyn, New York was employed by Defendants from in or around October 2022 until in or around June 2026.

### ***The Corporate Defendants***

### CULVER NARROWS BEER DISTRIBUTORS INC.

8. Defendant, CULVER NARROWS BEER DISTRIBUTORS INC. is a New York domestic business corporation under the laws of New York with a principal executive office and service of process address at 990 McDonald Ave, Brooklyn, NY 11230.
9. Defendant CULVER NARROWS BEER DISTRIBUTORS INC. owned, operated, and/or conducted business at 981 McDonald Ave, Brooklyn, NY 11230.
10. At all relevant times hereto, Defendant CULVER NARROWS BEER DISTRIBUTORS INC., through its agents, officers, managers and supervisors, maintains direct control, oversight, and direct supervision over their employees

including Plaintiff in the performance of his duties, which among others include scheduling of work and payment of wages.

11. Accordingly, at all relevant times hereto, Defendant CULVER NARROWS BEER DISTRIBUTORS INC. was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

***Individual Defendants***

**ANDRE V. PANTALEO**

12. At all relevant times hereto, Defendant ANDRE V. PANTALEO owns, operates and/or controls CULVER NARROWS BEER DISTRIBUTORS INC.
13. Upon information and belief, at all relevant times hereto, Defendant ANDRE V. PANTALEO is an agent of CULVER NARROWS BEER DISTRIBUTORS INC.
14. At all relevant times hereto, Defendant ANDRE V. PANTALEO is responsible for overseeing the daily operations of CULVER NARROWS BEER DISTRIBUTORS INC.
15. At all relevant times hereto, Defendant ANDRE V. PANTALEO has power and authority over all the final personnel decisions at CULVER NARROWS BEER DISTRIBUTORS INC.
16. At all relevant times hereto, Defendant ANDRE V. PANTALEO has power and authority over all final payroll decisions of CULVER NARROWS BEER DISTRIBUTORS INC., including the Plaintiff.
17. At all relevant times hereto, Defendant ANDRE V. PANTALEO has the exclusive final power to hire the employees of CULVER NARROWS BEER DISTRIBUTORS INC., including the Plaintiff.
18. At all relevant times hereto, Defendant ANDRE V. PANTALEO has exclusive final power over the firing and terminating of the employees of CULVER NARROWS BEER DISTRIBUTORS INC., including Plaintiff.
19. At all relevant times hereto, Defendant ANDRE V. PANTALEO is responsible for determining, establishing, and paying the wages of all employees of CULVER NARROWS BEER DISTRIBUTORS INC., including the Plaintiff, setting his work schedules, and maintaining all their employment records of the business.

20. Accordingly, at all relevant times hereto, Defendant ANDRE V. PANTALEO was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

**ANDRE MARTIN PANTALEO**

21. At all relevant times hereto, Defendant ANDRE MARTIN PANTALEO is a manager, supervisor and agent at CULVER NARROWS BEER DISTRIBUTORS INC.
22. At all relevant times hereto, Defendant ANDRE MARTIN PANTALEO was Plaintiff's supervisor and had the authority to hire, fire, or affect the terms and conditions of Plaintiff's employment.
23. At all relevant times hereto, Defendant ANDRE MARTIN PANTALEO is responsible for overseeing the daily operations of CULVER NARROWS BEER DISTRIBUTORS INC.
24. At all relevant times hereto, Defendant ANDRE MARTIN PANTALEO has power and authority over all the final personnel decisions at CULVER NARROWS BEER DISTRIBUTORS INC.
25. At all relevant times hereto, Defendant ANDRE MARTIN PANTALEO has power and authority over all final payroll decisions of CULVER NARROWS BEER DISTRIBUTORS INC., including the Plaintiff.
26. At all relevant times hereto, Defendant ANDRE MARTIN PANTALEO has the exclusive final power to hire the employees of CULVER NARROWS BEER DISTRIBUTORS INC., including the Plaintiff.
27. At all relevant times hereto, Defendant ANDRE MARTIN PANTALEO had exclusive final power over the firing and terminating of the employees of CULVER NARROWS BEER DISTRIBUTORS INC., including Plaintiff.
28. At all relevant times hereto, Defendant ANDRE MARTIN PANTALEO was responsible for determining, establishing, and paying the wages of all employees of CULVER NARROWS BEER DISTRIBUTORS INC., including the Plaintiff, setting his work schedules, and maintaining all their employment records of the business.
29. Accordingly, at all relevant times hereto, Defendant ANDRE MARTIN PANTALEO was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

**VINCENZO THOMAS PANTALEO**

30. At all relevant times hereto, Defendant VINCENZO THOMAS PANTALEO is a manager, supervisor and agent at CULVER NARROWS BEER DISTRIBUTORS INC.
31. At all relevant times hereto, Defendant VINCENZO THOMAS PANTALEO was Plaintiff's supervisor and had the authority to hire, fire, or affect the terms and conditions of Plaintiff's employment.
32. At all relevant times hereto, Defendant VINCENZO THOMAS PANTALEO is responsible for overseeing the daily operations of CULVER NARROWS BEER DISTRIBUTORS INC.
33. At all relevant times hereto, Defendant VINCENZO THOMAS PANTALEO had power and authority over all the final personnel decisions at CULVER NARROWS BEER DISTRIBUTORS INC.
34. At all relevant times hereto, Defendant VINCENZO THOMAS PANTALEO had power and authority over all final payroll decisions of CULVER NARROWS BEER DISTRIBUTORS INC., including the Plaintiff.
35. At all relevant times hereto, Defendant VINCENZO THOMAS PANTALEO had the exclusive final power to hire the employees CULVER NARROWS BEER DISTRIBUTORS INC., including the Plaintiff.
36. At all relevant times hereto, Defendant VINCENZO THOMAS PANTALEO has exclusive final power over the firing and terminating of the employees of CULVER NARROWS BEER DISTRIBUTORS INC., including Plaintiff.
37. At all relevant times hereto, Defendant VINCENZO THOMAS PANTALEO was responsible for determining, establishing, and paying the wages of all employees of CULVER NARROWS BEER DISTRIBUTORS INC., including the Plaintiff, setting his work schedules, and maintaining all their employment records of the business.
38. Accordingly, at all relevant times hereto, Defendant VINCENZO THOMAS PANTALEO was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

## FACTUAL ALLEGATIONS

39. Plaintiff KEVIN ALEJANDRO CANALES GARCIA was employed by Defendants as a cashier, delivery person, and recycler, while performing related miscellaneous duties for the Defendants from in or around October 2022 until in or around June 2026.
40. Plaintiff KEVIN ALEJANDRO CANALES GARCIA regularly worked approximately six (6) days from in or around October 2022 until in or around June 2026.
41. Plaintiff KEVIN ALEJANDRO CANALES GARCIA regularly worked approximately ten (10) hours per day from in or around October 2022 until in or around June 2026.
42. Thus, KEVIN ALEJANDRO CANALES GARCIA worked a regular schedule of approximately sixty (60) hours per week from in or around October 2022 until in or around June 2026.
43. Plaintiff KEVIN ALEJANDRO CANALES GARCIA was paid by Defendants hourly rates of approximately:
    a. $15.00 per hour in or around October 2022 until in or around December 2022,
    b. $16.00 per hour in or around January 2023 until in or around December 2024,
    c. $16.50 per hour in or around January 2025 until in or around December 2025, and
    d. $17.00 per hour in or around January 2026 until in or around June 2026.
44. Plaintiff was paid in a combination of check and cash.
45. Although Plaintiff KEVIN ALEJANDRO CANALES GARCIA worked approximately sixty (60) hours per week from in or around October 2022 until in or around June 2026, Defendants did not pay Plaintiff time-and-a-half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
46. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.
47. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.
48. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

49. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

50. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

51. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

52. Plaintiff brings this action on behalf of herself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

53. Collective Class: All persons who are or have been employed by the Defendants as cashiers, delivery person, and recyclers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

54. Upon information and belief, Defendants employed approximately 15 or more employees within the relevant time period who were subjected to similar payment structures.

55. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.
56. Defendants' unlawful conduct has been widespread, repeated, and consistent.
57. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.
58. Defendants' conduct as set forth in this Complaint was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.
59. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
60. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
61. The claims of Plaintiff are typical of the claims of the putative class.
62. Plaintiff and her counsel will fairly and adequately protect the interests of the putative class.
63. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

64. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
65. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
66. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

67. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

68. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

69. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

70. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

**Overtime Wages Under New York Labor Law**

71. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

72. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

73. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

74. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to her unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

75. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
76. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).
77. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

78. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
79. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)
80. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff unpaid overtime wages;
c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
d. Awarding Plaintiff prejudgment and post-judgment interest;
e. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and
f. Awarding such and further relief as this court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: August 14, 2026
Kew Gardens, NY

Roman Avshalumov

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KEVIN ALEJANDRO CANALES GARCIA, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

CULVER NARROWS BEER DISTRIBUTORS INC. and ANDRE V. PANTALEO, ANDRE MARTIN PANTALEO, and VINCENZO THOMAS PANTALEO, as individuals,

Defendants.

**COLLECTIVE ACTION COMPLAINT**

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

To:

*Via Secretary of State:*
**CULVER NARROWS BEER DISTRIBUTORS INC. (DOS ID: 111259)**
990 McDonald Ave, Brooklyn, NY 11230

*Via Personal Service:*
**CULVER NARROWS BEER DISTRIBUTORS INC.**
981 McDonald Avenue, Brooklyn, NY 11230

**ANDRE V. PANTALEO**
981 McDonald Avenue, Brooklyn, NY 11230

**ANDRE MARTIN PANTALEO**
981 McDonald Avenue, Brooklyn, NY 11230

**VINCENZO THOMAS PANTALEO**
981 McDonald Avenue, Brooklyn, NY 11230